**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| MUCKROCK, LLC<br>135 Morrissey Boulevard<br>Boston, MA 02205,<br><br>Plaintiff,<br><br>v.<br><br>CENTRAL INTELLIGENCE AGENCY<br>Washington, DC 20505,<br><br>Defendant. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | <br><br><br><br><br><br>Civil Action No. 1:14-cv-00997 |

* * * * * * * * * * * * *

## COMPLAINT

Plaintiff MuckRock, LLC brings this action against Defendant Central Intelligence Agency pursuant to the Freedom of Information Act, 5 U.S.C. § 552, *et seq.*, *as amended* ("FOIA"), the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and the All Writs Act, 28 U.S.C. § 1651.

## JURISDICTION

1. This Court has both subject matter jurisdiction over this action and personal jurisdiction over Defendant pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

## VENUE

2. Venue is appropriate under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391.

## PARTIES

3. Plaintiff MuckRock, LLC ("MuckRock") is limited liability corporation incorporated in the Commonwealth of Massachusetts. Through its imprint MuckRock News, MuckRock gathers information of potential public interest, uses its editorial skills to turn the raw

materials into a distinct work, and distributes that work free of charge to its audience. Accordingly, MuckRock is a representative of the news media within the meaning of 5 U.S.C. § 552(a)(4)(A).

4. Michael Morisy ("Morisy") is the founder and editor of MuckRock's website, where its original news content is published on a daily basis. In addition to the articles he has written for MuckRock News, Morisy has also been published in several other online and print news outlets.

5. Defendant Central Intelligence Agency ("CIA") is an agency within the meaning of 5 U.S.C. § 552(e), and is in possession and/or control of the records requested by Plaintiff which are the subject of this action.

6. The Classification Management and Collaboration Group ("CMCG") and Office of Information Management Services ("IMS") are CIA components.

## ***PART I: CADRE INFORMATION***

## **FIRST CAUSE OF ACTION**

## **(CONSTRUCTIVE RECORDS DENIAL – F-2014-00370)**

7. MuckRock repeats and realleges the allegations contained in all paragraphs set forth above.

8. IMS is the CIA component responsible for, *inter alia*, processing FOIA, Privacy Act, Mandatory Declassification Review ("MDR"), and other information requests.

9. The CIA Automated Declassification and Release Environment ("CADRE") is IMS' computer system for processing information requests.

10. Upon information and belief, CADRE contains any and all information describing the processing of information requests made to CIA, including all information about the withholding of information from responsive records.

11. On 4 December 2013, MuckRock submitted to IMS a FOIA request for "[a]ll information in the IMS request database CADRE about all FOIA, Privacy Act, MDR, or similar requests received in the first quarter of Fiscal Year 2013."

12. MuckRock further instructed, "This includes all information for referrals and consultations sent to the CIA during the relevant time period as well as all requests submitted directly to the CIA by requesters. You should perform the search by first identifying all requests in CADRE which contain the year 2013 in the request number, and then selecting all of those requests for which the first entry into CADRE was made between 1 October 2012 and 31 December 2012, inclusive."

13. MuckRock stipulated in this request that CIA could exclude "copies of records located in CADRE simply because they were responsive to the original requests," in recognition of the fact that MuckRock was only interested in records documenting *how* CIA processed these requests and did not intend to force CIA to reprocess all the records which were responsive to three months' worth of requests.

14. In this request, MuckRock requested a public interest fee waiver and requested that all responsive records be released in electronic form. MuckRock explained how the release of records would serve the public interest thusly: "Despite the various mechanisms by which the public can request CIA information, very little is actually known about the behind-the-scenes processing of these requests. Unlike many other agencies, what IMS professionals actually consider when evaluating information requests and how they go about performing their duties is

largely kept from public view, and the CIA has consistently fought against any attempts by members of the public to obtain this information. Therefore, it will significantly improve the public's understanding of the CIA's operations and activities to release a sample (in this case everything from a three-month period) of the information in its processing database. This information, when synthesized by MuckRock's FOIA request professionals (who have particular expertise in corresponding with agencies regarding information requests and tailoring requests to each particular agency's idiosyncrasies), will serve a great public benefit by finally showing requesters how to phrase their requests in a form most likely to satisfy the CIA's frequent complaints that requests do not reasonably describe the records sought in a fashion easily understood by IMS professionals."

15. On 26 February 2014, CIA acknowledged receipt of this request and assigned it Request No. F-2014-00370. CIA denied MuckRock's request for a public interest fee waiver and classified it as an "all other" non-commercial requester instead of a "representative of the news media." CIA provided instructions for administratively appealing these determinations.

16. On 2 May 2014, MuckRock appealed CIA's denial of its fee waiver request and its classification as an "all other" requester.

17. As of this writing CIA has not acknowledged MuckRock's appeal.

18. As of this writing CIA has not issued a final determination for this request.

19. As twenty working days have elapsed without a substantive determination by CIA, MuckRock has exhausted all required administrative remedies.

20. MuckRock has a legal right under FOIA to obtain the information it seeks in the electronic form it requested, to be classified as a representative of the news media, and to

receive a public interest fee waiver, and there is no legal basis for the denial by CIA of said rights.

**SECOND CAUSE OF ACTION**

**(CONSTRUCTIVE RECORDS DENIAL – F-2014-00381)**

21. MuckRock repeats and realleges the allegations contained in all paragraphs set forth above.

22. When processing Request No. F-2010-00600 for another requester, CIA identified 110 responsive records, which it withheld in full.

23. On 5 December 2013, MuckRock submitted to IMS a FOIA request for "[a]ll information in CADRE about the 110 records responsive to FOIA Request No. F-2010-00600."

24. As it did above, MuckRock stipulated in this request that CIA could exclude "copies of the 110 responsive records themselves," in recognition of the fact that MuckRock was only interested in records documenting *how* CIA processed these records.

25. In this request, MuckRock requested that all responsive records be released in electronic form.

26. On 18 February 2014, CIA acknowledged receipt of this request and assigned it Request No. F-2014-00381. CIA waived all fees.

27. As of this writing CIA has not issued a final determination for this request.

28. As twenty working days have elapsed without a substantive determination by CIA, MuckRock has exhausted all required administrative remedies.

29. MuckRock has a legal right under FOIA to obtain the information it seeks in the electronic form it requested, and there is no legal basis for the denial by CIA of said right.

## ***PART II: CMCG INFORMATION***

## **THIRD CAUSE OF ACTION**

## **(CONSTRUCTIVE RECORDS DENIAL – F-2014-00371)**

30. MuckRock repeats and realleges the allegations contained in all paragraphs set forth above.

31. CMCG is the CIA component responsible for implementing CIA's classification policy.

32. CMCG also maintains an internal agency-wide regulatory database containing all CIA's regulatory issuances.

33. On 4 December 2013, MuckRock submitted to IMS a FOIA request for "[a]ll CIA regulatory issuances contained in the internal Agency-wide regulatory database located in [CMCG]."

34. In this request, MuckRock requested a public interest fee waiver and requested that all responsive records be released in electronic form. MuckRock explained how the release of records would serve the public interest thusly: "Records responsive to this request are the CIA's governing documents, which by all rights should be proactively disclosed without requiring a formal request. Despite this, these documents are only released piecemeal as individual requesters request specific records, and by the time those documents are released they often have already been superseded. There is great public interest in the rules the CIA imposes upon itself (and in the rules it does not), and MuckRock will work with other national security and administrative law professionals such as the National Security Archive and National Security Counselors to translate these regulatory issuances into a form easily understood by the general public."

35. On 15 January 2014, CIA acknowledged receipt of this request and assigned it Request No. F-2014-00371. CIA denied MuckRock's request for a public interest fee waiver and classified it as an "all other" non-commercial requester instead of a "representative of the news media." CIA provided instructions for administratively appealing these determinations.

36. On 19 February 2014, MuckRock appealed CIA's denial of its fee waiver request and its classification as an "all other" requester.

37. As of this writing CIA has not acknowledged MuckRock's appeal.

38. As of this writing CIA has not issued a final determination for this request.

39. As twenty working days have elapsed without a substantive determination by CIA, MuckRock has exhausted all required administrative remedies.

40. MuckRock has a legal right under FOIA to obtain the information it seeks in the electronic form it requested, to be classified as a representative of the news media, and to receive a public interest fee waiver, and there is no legal basis for the denial by CIA of said rights.

**FOURTH CAUSE OF ACTION**

**(CONSTRUCTIVE RECORDS DENIAL – F-2014-00753)**

41. MuckRock repeats and realleges the allegations contained in all paragraphs set forth above.

42. CMCG also publishes a Classification Management Tools User's Manual and a series of Quick Reference Guides. Two of these Quick Reference Guides have previously been published. *See* Classification Process Quick Reference Guide, *available at* https://info.publicintelligence.net/CIA-ClassificationProcess-QRG.pdf (last accessed June 6, 2014); Classification Management Tools Agency Automated Classification Guide, *available at*

https://info.publicintelligence.net/CIA-ClassificationManagementTools-QRG.pdf (last accessed June 6, 2014).

43. Upon information and belief, the 2008 version of the Classification Management Tools User's Manual published at https://info.publicintelligence.net/CIA-ClassificationManagementTools.pdf (last accessed June 6, 2014) is not the current edition.

44. On 3 February 2014, MuckRock submitted to IMS a FOIA request for "(1) [t]he Classification Management Tools User Manual and (2) all Quick Reference Guides published by [CMCG]."

45. In this request, MuckRock requested a public interest fee waiver and requested that all responsive records be released in electronic form. MuckRock explained how the release of records would serve the public interest thusly: "Public dissemination of the reference materials used by CIA staff to do classification and declassification review would prove invaluable to the public's understanding of how CIA's classification and declassification process actually works. The two Quick Reference Guides already publicly available—the September 2008 Classification Process Quick Reference Guide CMCG QRG #08CP001 and the October 2008 Classification Management Tools Agency Automated Classification Guide Quick Reference Guide CMCG QRG #08CMT002—have already added significant value to the public's understanding of these processes."

46. On 14 February 2014, CIA acknowledged receipt of this request and assigned it Request No. F-2014-00753.

47. CIA's letter stated, "With regard to Item l of your request, our records show that we conducted a search on behalf of another requester for records on the same subject of your request. This search resulted in a document that was denied in full on 24 September 2013.

Since this information was reviewed for declassification within the last two years, it is not subject for review at this time pursuant to our regulation CFR 1900.42. In view of this, the information is not subject for declassification review until 25 September 2015. We suggest that you submit your request at that time."

48. CIA's letter further stated, "With regard to Item 2 of your request, we are currently processing a request for the same records from another requester. Once our research and review of that request are completed, we will forward to you the same CIA-originated records, if released. We will charge you ten cents per page for copies of released material."

49. CIA's statement that it would charge MuckRock for all copies of released material implies that it denied MuckRock's request for a public interest fee waiver and did not classify it as a "representative of the news media." However, CIA's letter provided no appeal rights or instructions for administratively appealing any of CIA's determinations.

50. Because CIA did not provide any appeal rights, MuckRock has not submitted any administrative appeal for this request.

51. As of this writing CIA has not issued a final determination for this request.

52. As twenty working days have elapsed without a substantive determination by CIA, MuckRock has exhausted all required administrative remedies.

53. MuckRock has a legal right under FOIA to obtain the information it seeks in the electronic form it requested, to be classified as a representative of the news media, and to receive a public interest fee waiver, and there is no legal basis for the denial by CIA of said rights.

## ***PART III: REFUSALS TO PROCESS REQUESTS***

## **FIFTH CAUSE OF ACTION**

## **(REFUSAL TO PROCESS – F-2013-02200, F-2013-02572)**

54. MuckRock repeats and realleges the allegations contained in all paragraphs set forth above.

55. On 16 July 2013, MuckRock submitted to IMS a FOIA request for "any objections to agency data gathering practices received by this agency from telecommunications and web service providers."

56. MuckRock further instructed, "Please include objections to both classified and unclassified data gathering programs, redacting or omitting portions of complaints that include properly classified information while including the substance of the objections touching on non-operational details. Please include informal and informal complaints, as well as contacts by corporate legal advisors seeking the cessation, restriction, adjustment, or other modifications of such programs. Please include, but do not limit this request, to the following companies: Yahoo![;] Google[;] Microsoft[;] Research in Motion[;] Skype/eBay[;] Time Warner[;] Verizon[; and] AT&T."

57. MuckRock stipulated in this request that CIA could limit the scope of this request to objections received between 2008 and the date the request is processed.

58. On 9 August 2013, CIA acknowledged receipt of this request and assigned it Request No. F-2013-02200. CIA refused to process the request, stating, "We cannot accept your FOIA request in its current form because it would require the Agency to perform an unreasonably burdensome search." CIA's letter provided no appeal rights or instructions for

administratively appealing CIA's determination, in keeping with its policy that requesters may not appeal such determinations.

59. On 4 September 2013, MuckRock stipulated that CIA could limit the scope of this request to "documents within the CIA's legal affairs offices as well as any departments that regularly, in the course of their operations, act as liaisons with telecommunications and service provider companies."

60. On 17 September 2013, CIA again refused to process the request, stating, "We cannot accept your FOIA request in its current form because it would require the Agency to perform an unreasonably burdensome search." CIA's letter, which assigned the new Request No. F-2013-02572, again provided no appeal rights or instructions for administratively appealing CIA's determination.

61. On 4 November 2013, MuckRock responded to CIA, stating, "This request hardly meets the 'unreasonably burdensome' or 'not reasonably descriptive' monikers you have attached to it. MuckRock provided the most detailed description possible of where to search and what to search for, given the incredible lack of publicly available information about the organization of the Agency. It sought: (1) written complaints or objections (2) to Agency information gathering practices (3) received by a finite subset of Agency offices ("the agency's legal affairs offices and any department that regularly act as liaisons with telecommunications and service provider companies") and (4) sent by a finite subset of entities ("telecommunications and web service providers")."

62. MuckRock further advised CIA, "MuckRock is willing to consider refining the scope of this request, but only if the Agency engages in an actual dialogue in which it provides us with some information about the limitations of its records systems that are responsible for the

determination that the request as written would require an unreasonably burdensome search or is otherwise improper. Only the Agency knows what offices or records systems would be reasonably likely to contain responsive records, only Agency professionals familiar with the subject matter would know how to conduct a search of those offices or systems for responsive records, and only those professionals know why that search would allegedly be 'unreasonably burdensome.' Without this information, MuckRock will not attempt to blindly guess at ways to refine the scope of the request, especially when the Agency is required by its own regulations to offer assistance. Please either process this request as written or contact me in a timely fashion to discuss ways to refine the request."

63. On 5 November 2013, CIA Information and Privacy Coordinator Michele Meeks ("Meeks") attempted to contact MuckRock's counsel regarding this request. Meeks left a voicemail message indicating that CIA would be willing to process this request if it was restricted to one Foreign Intelligence Surveillance Act ("FISA") case, which was cited in MuckRock's request letter to show the type of records MuckRock sought.

64. On 12 December 2013, after exchanging several voicemail messages, Morisy spoke with Meeks regarding this request. He informed her that MuckRock was not willing to limit the scope of the request to records pertaining to that or any other specific FISA cases.

65. Meeks asked Morisy to further narrow the request to specific companies and specific CIA offices.

66. Morisy called Meeks back within a few days and left a voicemail message requesting a return phone call to further discuss this request. Meeks never contacted MuckRock again.

67. It is unreasonable for CIA to insist that MuckRock narrow the request to specific *named* offices without informing it which offices in fact handle such complaints. This is information readily available within CIA but not commonly known outside the agency. MuckRock's statement narrowing the request to "any department[s] that regularly act as liaisons with telecommunications and service provider companies" was sufficient to allow any CIA professional employee familiar with the subject matter to be able to determine with a negligible amount of effort the appropriate offices to task with the request, since, as MuckRock pointed out, it "provided the most detailed description possible of where to search and what to search for, given the incredible lack of publicly available information about the organization of the Agency."

68. As of this writing CIA has not provided any additional information to MuckRock or informed MuckRock that it is processing this request.

69. Because CIA did not provide any appeal rights, MuckRock has not submitted any administrative appeal for this request.

70. MuckRock has a legal right under FOIA to obtain the information it seeks in the electronic form it requested, and there is no legal basis for the denial by CIA of said right.

**SIXTH CAUSE OF ACTION**

**(REFUSAL TO PROCESS – F-2014-00752, THREE OTHER REQUESTS)**

71. MuckRock repeats and realleges the allegations contained in all paragraphs set forth above.

72. CIO-IMS-STAFF and CIO-IMS-ALL are two mailing lists used within IMS for intra-office email communications.

73. On 4 February 2014, MuckRock submitted to IMS four FOIA requests for "[a]ll email messages (and attachments) sent to the CIO-IMS-STAFF or CIO-IMS-ALL mailing lists by the Director or Deputy Director of IMS" during four different time periods, corresponding to the quarters of CIA's Fiscal Year 2013.

74. In each request, MuckRock stated, "I am submitting three other requests contemporaneously with this one, each for a different quarter of Fiscal Year 2013. This is not being done to avoid fees. This is being done to limit the scope of each request so that the CIA cannot argue that the requests do not reasonably describe the records sought or would require an unduly burdensome search. You may not consolidate these requests."

75. On 14 February 2014, CIA acknowledged receipt of the request for records from the first quarter of Fiscal Year 2013 and assigned it Request No. F-2014-00752. CIA refused to process the request, stating, "The FOIA requires requesters to 'reasonably describe' the information they seek so that professional employees familiar with the subject matter can locate responsive information with a reasonable amount of effort. We require requesters seeking any form of 'electronic communications' such as emails, to provide the specific 'to' and 'from' recipients, time frame and subject. We note that you have provided the senders and the time frame." CIA's letter provided no appeal rights or instructions for administratively appealing CIA's determination, in keeping with its policy that requesters may not appeal such determinations.

76. As of this writing CIA has not responded to the other three requests.

77. Because CIA did not provide any appeal rights, MuckRock has not submitted any administrative appeal for these requests.

78. MuckRock has a legal right under FOIA to obtain the information it seeks in the electronic form it requested, and there is no legal basis for the denial by CIA of said right.

## SEVENTH CAUSE OF ACTION

## (*PER SE* TEST FOR "REASONABLY DESCRIPTIVE")

79. MuckRock repeats and realleges the allegations contained in all paragraphs set forth above.

80. CIA has repeatedly and consistently stated, "We require requesters seeking any form of 'electronic communications' such as emails, to provide the specific 'to' and 'from' recipients, time frame and subject."

81. CIA easily has the capacity to determine with a reasonable amount of effort which email records are responsive to a given FOIA request when given less information, especially when, as is the case with the requests in Count 6, the scope has been limited by senders (Director or Deputy Director of IMS), receivers (anyone on the CIO-IMS-STAFF and CIO-IMS-ALL mailing lists), and time period. The absence of any particular piece of information cannot automatically render a request "improper."

82. A *per se* policy of arbitrarily refusing to process any requests for electronic communications which do not include these four specific pieces of information is a violation of FOIA. Such a policy constitutes outrageous conduct for purposes of the broad equitable powers provided by FOIA to the Court. Such a policy is arbitrary, capricious, an abuse of discretion, or otherwise contrary to law.

83. As a frequent FOIA requester to CIA for electronic communications which continues to make such requests, MuckRock stands to continue to be harmed by this ongoing practice in the future.

84. MuckRock currently has several FOIA requests for electronic communications pending with CIA which are vulnerable to this policy but are not included in this litigation. The requests included herein are simply examples of the requests already filed by MuckRock, and MuckRock continues to file requests for CIA electronic communications for which it does not necessarily possess all four of the pieces of information required by CIA.

85. MuckRock is therefore entitled to relief in the form of a declaratory order that CIA is in violation of its statutory responsibilities under FOIA and an order enjoining CIA pursuant to that statute from automatically refusing to process requests for electronic communications based on the absence of any particular pieces of information.

## ***PART IV: CREST INFORMATION***

## **EIGHTH CAUSE OF ACTION**

## **(CONSTRUCTIVE RECORDS DENIAL – F-2014-00765)**

86. MuckRock repeats and realleges the allegations contained in all paragraphs set forth above.

87. The CIA Records Search Tool ("CREST") is a searchable electronic database of declassified CIA records available only at the National Archives in College Park, MD.

88. Researchers wishing to search CREST for information must physically visit the National Archives during set business hours and access the system from four specific computer terminals.

89. Researchers may only remove information from CREST by printing it on dedicated printers. Researchers may not electronically copy records stored in CREST to removable media.

90. CIA maintains that these restrictions are required for security reasons, even though every document in CREST has been officially declassified and deemed suitable for public release. CIA maintains that it protects national security by collecting information about CREST research sessions, and that it is necessary that researchers accessing CREST be subject to video surveillance.

91. On 4 February 2014, MuckRock submitted to IMS a FOIA request, which read, "At the CREST terminals at the National Archives in College Park there is a notice describing the automatic collection of anonymous information during terminal sessions. This is a request for all records about the uses to which the CIA puts this information."

92. In this request, MuckRock stipulated, "This is not a request for records describing the use of a particular piece of information (e.g., using a specific piece of information from a specific terminal session to investigate a specific instance of alleged tampering), but rather a request for records describing the purposes of the information collection in greater detail than that one-page notice."

93. In this request, MuckRock requested a public interest fee waiver and requested that all responsive records be released in electronic form. MuckRock explained how the release of records would serve the public interest thusly: "The CIA maintains that it does not have to release the CREST database in its entirety to FOIA requesters because of the security procedures it uses to monitor how that database is used, but there is no information in the public record explaining in any significant degree of detail how this information is actually being used and how useful it actually is to law enforcement efforts. Accordingly, the release of information describing the purpose of this information collection in greater detail, and therefore explaining the CIA's reliance on the necessity of such security measures when denying FOIA requests for

the CREST database, would significantly contribute to the public's understanding of government operations and activities."

94. On 23 April 2014, CIA acknowledged receipt of this request and assigned it Request No. F-2014-00765. CIA waived all fees.

95. As of this writing CIA has not issued a final determination for this request.

96. As twenty working days have elapsed without a substantive determination by CIA, MuckRock has exhausted all required administrative remedies.

97. MuckRock has a legal right under FOIA to obtain the information it seeks in the electronic form it requested, and there is no legal basis for the denial by CIA of said right.

**NINTH CAUSE OF ACTION**

**(CONSTRUCTIVE RECORDS DENIAL – F-2014-00766)**

98. MuckRock repeats and realleges the allegations contained in all paragraphs set forth above.

99. Between 1:45-1:55 PM on 21 October 2013, Kelly McClanahan ("McClanahan") performed research using the CREST terminals at the National Archives.

100. On 4 February 2014, MuckRock submitted to IMS a FOIA request, which read, "At the CREST terminals at the National Archives in College Park there is a notice describing the automatic collection of anonymous information during terminal sessions. This is a request for all such information collected regarding the use of the CREST terminals from: 1) 1:45-1:55 PM on 21 October 2013; and 2) the last terminal session for which information was collected as of your search for responsive records." MuckRock included a privacy waiver signed by McClanahan.

101. On 7 April 2014, CIA acknowledged receipt of this request and assigned it Request No. F-2014-00766. CIA waived all fees.

102. As of this writing CIA has not issued a final determination for this request.

103. As twenty working days have elapsed without a substantive determination by CIA, MuckRock has exhausted all required administrative remedies.

104. MuckRock has a legal right under FOIA to obtain the information it seeks in the electronic form it requested, and there is no legal basis for the denial by CIA of said right.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff MuckRock prays that this Court:

(1) Order the Central Intelligence Agency to release all requested records to MuckRock;

(2) Order CIA to release records in the electronic form MuckRock requested;

(3) Order CIA to grant MuckRock's requests for public interest fee waivers;

(4) Order CIA to classify MuckRock as a representative of the news media;

(5) Enjoin CIA from refusing to process requests for electronic communications based on the absence of specific pieces of information from the request;

(6) Order preliminary and permanent injunctive and/or declaratory relief as may be appropriate;

(7) Award reasonable costs and attorneys' fees as provided in 5 U.S.C. § 552(a)(4)(E), 28 U.S.C. § 2412(d), or any other applicable law;

(8) Expedite this action in every way pursuant to 28 U.S.C. § 1657(a); and

(9) Grant such other relief as the Court may deem just and proper.

Date: June 10, 2014

Respectfully submitted,

/s/ Kelly B. McClanahan
Kelly B. McClanahan, Esq.
D.C. Bar #984704
National Security Counselors
1200 South Courthouse Road
Suite 124
Arlington, VA 22204
301-728-5908
240-681-2189 fax
Kel@NationalSecurityLaw.org

*Counsel for Plaintiff*