UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MUCKROCK, LLC, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| v. ) | Civ. No. 14-cv-0997 (KBJ) |
| ) | |
| CENTRAL INTELLIGENCE AGENCY, ) | |
| ) | |
| DEFENDANT. ) | |

## GENERAL ORDER AND GUIDELINES FOR CIVIL CASES BEFORE JUDGE KETANJI BROWN JACKSON

This General Order applies to all cases assigned to the Civil Calendar of Judge Ketanji Brown Jackson. In order to administer this civil action fairly and in a manner that is consistent with the litigants' general interest in completing this litigation efficiently, it is hereby

**ORDERED** that all counsel and *pro se* litigants (referred to herein as "counsel") must familiarize themselves with both the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the District of Columbia.[1]  It is

**FURTHER ORDERED** that all counsel must comply with this General Order, including the attached Appendix that contains specific directives regarding Communications with the Court, Hearings, Filing, Discovery, Motions and Stipulations, Alternative Dispute Resolution, and Settlement. The Court will hold the parties and counsel responsible for following these directives; failure to conform to this Order **may, when appropriate, result in the imposition of sanctions**.

SO ORDERED.

DATE:  June 12, 2014

*Ketanji Brown Jackson*
KETANJI BROWN JACKSON
United States District Judge

---

[1] The Local Civil Rules, including recent amendments, are available at http://www.dcd.uscourts.gov/dcd/local-rules.

**APPENDIX TO GENERAL ORDER AND GUIDELINES
FOR CIVIL CASES BEFORE JUDGE KETANJI BROWN JACKSON**

1. **COMMUNICATIONS WITH THE COURT RELATING TO SCHEDULING OR OTHERWISE**

   (a) <u>Form of Communications</u>. Communications with the Court should be in writing and only by written motion, opposition, and reply, not by letter. *Ex parte* communications to Judge Jackson either directly or through her law clerks are inappropriate and will not be tolerated.

   (b) <u>Status or Scheduling Inquiries</u>. Oral inquiries concerning the status or scheduling of any pending matter are disfavored. If counsel nevertheless needs to make such an oral inquiry, it shall be made to the Courtroom Deputy Clerk, Mrs. Gwen Franklin (202-354-3145) rather than to Chambers. If Ms. Franklin is unavailable, the inquiry shall be made to her designated substitute in the Clerk's Office. Counsel shall follow the instructions that Ms. Franklin (or her substitute) provides. In an **actual emergency**, Chambers can be reached at 202-354-3350.

   (c) <u>Assistance with CM/ECF</u>. Chambers cannot assist with questions regarding CM/ECF; any such inquiries should be made to the CM/ECF Help Line (202-354-3190).

2. **HEARINGS**

   (a) <u>Appearances at Hearings and Conferences</u>. **All courtroom proceedings, unless otherwise indicated, will be conducted in Courtroom 17 of the E. Barrett Prettyman United States Courthouse, 333 Constitution Ave., NW, Washington, DC 20001.** The Court expects that principal trial counsel will appear at all hearings and conferences. In addition, counsel must have all necessary calendars, including calendars of co-counsel, available with them for possible scheduling of future events related to the case. Counsel with settlement authority must appear at the initial scheduling conference and at the final pretrial conference.

   (b) <u>Rescheduling Hearings</u>.

   i) Requests to reschedule hearings are strongly discouraged. Counsel who seek to change a previously scheduled hearing date shall confer with opposing counsel and shall file a written motion **at least four (4) business days prior to the scheduled hearing date** that shows good cause and proposes three alternative dates and times that would be convenient for all parties in the case. If counsel's suggested dates and/or times are not available on the

                  Court's calendar, the Court may reset the hearing for an alternative date and time of its choosing.  The Court may, in its discretion, later decide that a previously scheduled hearing is not necessary and thereby take the hearing off the calendar and decide the given matter on the papers.

        ii)        If the Court is closed or the opening time for the start of the Court's day is delayed because of inclement weather or an unforeseen emergency, the Courtroom Deputy Clerk will reschedule the cases that were scheduled to be heard during the times when the Court was closed.

3.      **FILING GUIDELINES**

    (a)    <u>Service of the Complaint</u>.  The Plaintiff(s) shall promptly serve the complaint in accordance with Rule 4 of the Federal Rules of Civil Procedure and **shall file the proof(s) of service with the Court**.  If Plaintiff fails to serve properly a copy of the complaint in the time Rule 4 prescribes, the Court may dismiss the action.

    (b)    <u>Amended Pleadings</u>:  Any amended pleadings shall be accompanied by a redline comparison of the original and amended pleading.

    (c)    <u>Electronic Case Filing (ECF)</u>.

        i)        Except as otherwise provided in LCvR 5.4, all documents to be filed with the Court must be filed through the Court's CM/ECF system.

        ii)        Each attachment to a filing (*e.g.*, supporting memoranda, statements of material fact, exhibits, affidavits, and proposed orders) must be filed as separate PDFs and appropriately labeled in ECF.  Counsel should submit PDFs in the smallest file size possible.

        iii)        A *pro se* party may obtain a CM/ECF password from the Clerk with leave of Court.  To obtain leave of Court, the *pro se* party must file a written motion entitled "Motion for CM/ECF Password," describing the party's access to the internet and confirming the capacity to file documents and receive the filings of other parties electronically on a regular basis.  If leave of Court is granted, the *pro se* party must complete the CM/ECF training provided by the Clerk to all electronic filers before the Clerk issues a CM/ECF password.

      iv)    Instructions for filing sealed documents in non-sealed cases are available at http://www.dcd.uscourts.gov/dcd/sites/dcd/files/AttySealed[Civil]NEWNov2013.pdf.

  (d)    Courtesy Copies.  Counsel **shall provide Chambers, not the Clerk's Office**, with a printed courtesy copy of any electronic submission that, along with exhibits, **numbers one hundred (100) pages or more in total length**.  Such courtesy copies shall be in binders, three-hole punched, with double-sided pages.  Exhibits shall be tabbed for ease of reference.  The Court otherwise does not accept courtesy copies; the Court will contact the filing party if a courtesy copy of any particular submission is required.

4.    **DISCOVERY**

  (a)    Discovery Material.  Discovery material shall not be filed with the Court unless so ordered.  *See* LCvR 5.2(a).

  (b)    Discovery Disputes.  Counsel are referred to LCvR 26.2 and are expected to comply fully with its directives.  Moreover, counsel are required, under both Fed. R. Civ. P. 26(f) and LCvR 7(m), to confer in good faith in an effort to resolve any discovery dispute and are hereby ordered to attempt to resolve any discovery dispute before bringing it to the Court's attention.  If counsel are not able to resolve a discovery dispute, counsel shall jointly call chambers (202-354-3350) to arrange for a telephone conference with the Court.  **Counsel shall not file any discovery-related motion without a prior telephone conference with the Court and opposing counsel.**

  (c)    Depositions. Counsel must adhere to the following guidelines when taking a deposition:

      i)    All counsel are to conduct themselves in a civil, polite, and professional manner.  The Court will not countenance incivility or other behavior during the deposition demonstrating that the examination is being conducted in bad faith or to simply annoy, embarrass, or oppress the deponent.

      ii)    Counsel for the deponent shall refrain from gratuitous comments and from directing the deponent as to times, dates, documents, testimony, and the like.

      iii)    Counsel shall refrain from objecting in any manner other than stating an objection for the record followed by a word or two describing the legal basis for the objection.

  iv)  Counsel shall refrain from directing the deponent not to answer any question except for reasons that conform to Fed. R. Civ. P. 30(c)(2).

  v)  Counsel shall refrain from engaging in dialogue on the record during the course of the deposition.

  vi)  Counsel for any party or person given notice of the deposition may call for suspension of the deposition on the grounds that these conditions are not being adhered to and may immediately apply to the Court for a ruling and remedy. When appropriate, the Court will impose sanctions.

  vii)  In accordance with Fed. R. Civ. P. 30(d)(1), no deposition may last more than seven hours (exclusive of breaks), except by leave of the Court or stipulation of the parties.

5. **MOTIONS AND STIPULATIONS**

 (a) <u>Motions Generally</u>. Counsel must comply with the following instructions when briefing any motion; failure to follow these instructions may result in *sua sponte* denial of the motion:

  i)  Every memorandum of points and authorities that is ten pages or more in length **must** contain a Table of Contents and Table of Authorities, regardless of whether it is filed in support of or in opposition to a motion.

  ii)  Memoranda of points and authorities filed in support of or in opposition to any motion may not exceed forty-five (45) pages without leave of Court, and without such leave, reply memoranda may not exceed twenty-five (25) pages. The margins for such memoranda shall be set at one inch and all text in the main body must be double-spaced and in twelve-point Times New Roman font, while all footnotes must be single-spaced and in ten-point Times New Roman font. Counsel are cautioned not to attempt to circumvent these page limitations through extensive use of lengthy footnotes. The caption, signature blocks, and any required tables shall not count toward these limits.

  iii)  The Court may reject any filing that, without leave, is filed out of time or exceeds the page limitations established in the Local Rules or in an Order of this Court.

  iv)  Counsel may not file a sur-reply without first requesting leave of the Court.

      v)      If counsel fails to file a memorandum of points and authorities in opposition to a given motion, the Court may treat the motion as conceded.  LCvR 7(b).  Similarly, if counsel fails to respond to arguments in opposition papers, the Court may treat those specific arguments as conceded.  *See Phrasavang v. Deutsche Bank*, 656 F. Supp. 2d 196, 201 (D.D.C. 2009) (citations omitted).

      vi)     Each submission that attaches more than one exhibit shall contain an index of exhibits.  Exhibits shall be edited properly to exclude irrelevant material and to direct the Court's attention to the pertinent portions thereof.

      vii)    Every pleading or paper, regardless of whether it is signed by an attorney or a pro se party, shall contain the name, address, telephone number, and, for an attorney, bar identification number of its signatory.  LCvR 5.1(e).

      viii)   The Court will summarily deny motions that are subject to LCvR 7(m) but do not contain the requisite statement.

(b)    <u>Motions for Extensions of Time</u>.  Motions for extension of time are discouraged, and counsel should not expect the Court to grant extensions.  **The Court will not entertain or honor stipulations for extensions of time.**  Instead, counsel seeking an extension of a deadline shall file a written motion at **least two (2) business days prior to expiration of the deadline** that includes the following information:

      i)      The current deadline for which counsel seeks an extension;

      ii)     The specific grounds for the extension, including a statement of good cause or excusable neglect, as applicable;

      iii)    The number of previous extensions, if any, granted to each party;

      iv)    A statement of the impact that the requested extension would have on all other previously established deadlines;

      v)      A proposed schedule for any other affected deadlines, to be proposed only after consulting with opposing counsel; and

      vi)     A statement of opposing counsel's position vis-à-vis the motion in accordance with LCvR 7(m).

The Court may summarily deny any motion that does not comply with these requirements.

(c)   <u>Motions Seeking Leave to File Out of Time or To Exceed the Page Limitations</u>.

    i)   Motions for leave to file out of time should demonstrate good cause for the delay, and should state that the filing is ready to be submitted if the Court grants leave. **Counsel should <u>not</u> include (or lodge) the document to be filed.** If the Court grants leave, it will authorize counsel to file the document or motion subsequent to its ruling on the motion.

    ii)   Motions for leave to exceed the page limitations stated above in Part 5(a)(ii) and below in Part 5(e) are accepted but discouraged. Counsel who wish to seek leave to exceed page limitations shall file a written motion **at least two (2) business days prior to the scheduled filing date** demonstrating good cause for the request.

(d)   <u>Motions for Summary Judgment</u>. Counsel must comply with the following instructions when briefing motions for summary judgment, including cross-motions for summary judgment, and the Court may strike papers not in conformity herewith:

    i)   Every motion for summary judgment and opposition to such motion must comply with LCvR 7(h), which requires that each party submitting a motion for summary judgment **attach a statement of material facts for which that party contends there is no genuine dispute**, with specific citations to those portions of the record upon which the party relies in fashioning the statement. The party opposing the motion must, in turn, **submit a statement enumerating all material facts that the party contends are genuinely disputed** and thus require trial. LCvR 7(h)(1). The parties are strongly encouraged to review *Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner*, 101 F.3d 145 (D.C. Cir. 1996), on the subject of LCvR 7(h).

    ii)   The moving party's statement of material facts shall be a short and concise statement, **in numbered paragraphs**, of all material facts as to which the moving party claims there is no genuine dispute. The statement must contain **only one factual assertion in each numbered paragraph**.

    iii)   The party responding to a statement of material facts must (1) restate the movant's statement of undisputed material fact in numbered paragraphs, and (2) immediately following each numbered paragraph state the opponent's response to the stated fact.

    iv)      If the responding party has additional facts that are not directly relevant to its response to any specific paragraph, it must identify such facts in consecutively numbered paragraphs **at the end** of its responsive statement of facts.  **If such additional factual allegations are made, the movant must file a responsive statement of its own with its reply brief**.

    v)      If an opposition fails to include a separate concise statement of genuine disputed issues, or a response to the movant's statement of facts, or specific references to the parts of the record relied upon to support the statement or response, the Court may treat as conceded any facts asserted in the movant's statement of facts.

    vi)      The parties must furnish **precise citations** to the portions of the record on which they rely; the Court need not consider materials not specifically identified.  Fed. R. Civ. P. 56(c)(1)(A), (c)(3).

(e)      <u>Motions for Reconsideration</u>.  Motions for reconsideration of prior rulings are strongly discouraged.  Such motions shall be filed only when the requirements of Fed. R. Civ. P. 54(b), 59(e), and/or 60(b) are met.  Any such motion **shall not exceed ten (10) pages in length**.  Moreover, the Court will not entertain (a) motions that simply reassert arguments the party previously raised and the Court rejected, or (b) arguments that a party could have raised previously but now raises for the first time.

(f)      <u>Stipulations and Joint Motions for Protective Orders</u>.

    i)      The parties may elect to file a stipulation that will become a part of the record of the case.  The parties may not stipulate to extended deadlines, stays, or other matters altering the timing of the litigation or any other order of the Court.  Moreover, no such stipulation shall be considered an enforceable Court order unless and until the Court signs the agreement.

    ii)      If the parties desire for this Court to sign any such stipulation or enter an order approving it, they must file a motion making that request.  The motion must contain an explanation as to why cause exists for the Court to approve the stipulation, as well as the text of the stipulation.

    iii)      Joint motions to approve stipulated protective orders must contain a statement of good cause.  *See* Fed. R. Civ. P. 26(c); *Klayman v. Judicial Watch, Inc.*, 247 F.R.D. 19, 23 (D.D.C. 2007).

6.     **ALTERNATIVE DISPUTE RESOLUTION**

    (a)     The parties must thoroughly evaluate their settlement positions prior to the Rule 16 conference **and each party must be prepared to represent to the Court what particular facts, if any, need to be discovered, as well as what particular legal issues need to be addressed, as a prerequisite to engaging in meaningful settlement negotiations.**

    (b)     Submission to alternative dispute resolution, *e.g.*, mediation or neutral evaluation, is encouraged and available upon request to the Court at any time, as is a settlement conference before a Magistrate Judge.

7.     **SETTLEMENT**

    (a)     <u>Notification of Settlement</u>.  If the case settles in whole or in part, Plaintiff shall advise the Court of the settlement by promptly filing a notice and stipulation of dismissal pursuant to Fed. R. Civ. P. 41.

    (b)     <u>Provisional Dismissal</u>.  Upon receipt of a notice of settlement that is not accompanied by a stipulation of dismissal, it is the practice of this Court to issue a provisional order of dismissal that allows the parties to reopen the case within 45 days if they are unable to consummate the settlement.

*    *    *