UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MUCKROCK, LLC,<br><br>  Plaintiff,<br><br>  v.<br><br>CENTRAL INTELLIGENCE AGENCY<br><br>  Defendant. | Civil Action No.<br>1:14-CV-00997 (KBJ) |

## ANSWER TO FIRST AMENDED COMPLAINT

Defendant Central Intelligence Agency ("CIA") hereby answers plaintiff's First Amended Complaint (ECF Doc. 8). Defendant sets forth its responses in the following numbered paragraphs, which correspond to the complaint's numbered paragraphs.

1. This paragraph sets forth conclusions of law regarding this Court's jurisdiction to which no response is required.

2. This paragraph sets forth a conclusion of law regarding the proper venue for this case to which no response is required.

3. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first two sentences of paragraph 3. The third sentence sets forth a conclusion of law regarding whether plaintiff is a representative of the news media within the meaning of 5 U.S.C. § 552(a)(4)(A) to which no response is required.

4. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4.

1

5.  With respect to the first clause of the sentence in paragraph 5, defendant admits that CIA is an "agency" within the meaning of 5 U.S.C. § 552(e).  The second clause of the sentence contains a legal conclusion, to which no response is required.

6.  Admits.

7.  Defendant repeats and realleges its responses contained in the paragraphs set forth above.

8.  Admits.

9.  Admits.

10. Admits.

11. Defendant admits that on 4 December 2013, plaintiff submitted to IMS a FOIA request seeking "[a]ll information in the IMS request database CADRE about all FOIA, Privacy Act, MDR, or similar requests received in the first quarter of Fiscal Year 2013." Defendant respectfully refers the Court to that request for a full and accurate statement of its contents.

12. Defendant admits that paragraph 12 accurately quotes a portion of plaintiff's FOIA request cited in paragraph 11.  Defendant respectfully refers the Court to that request for a full and accurate statement of its contents.

13. Defendant admits that paragraph 13 accurately quotes a portion of plaintiff's FOIA request cited in paragraph 11.  Defendant respectfully refers the Court to that request for a full and accurate statement of its contents.

14. Defendant admits the allegations in the first sentence of paragraph 14.  The remaining allegations contain plaintiff's characterization of, or quotations from, its FOIA

request cited in paragraph 11 to which no response is required.  Defendant respectfully refers the Court to that request for a full and accurate statement of its contents.

15.     Defendant admits the allegations in the first sentence of paragraph 15.  The remaining allegations in this paragraph contain plaintiff's characterization of the response to which no response is required.  Defendant respectfully refers the Court to Defendant's 26 February 2014 letter for a full and accurate statement of its contents.

16.     Admits.  Defendant respectfully refers the Court's to Plaintiff's appeal dated 2 May 2014 for a full and accurate statement of its contents.

17.     Defendant admits that, as of the date plaintiff filed its complaint, defendant had not acknowledged plaintiff appeal.

18.     Defendant admits that, as of the date plaintiff filed its complaint, defendant had not issued a final determination letter for this appeal.

19.     This paragraph sets forth a legal conclusion to which no response is required.  To the extent a response is deemed required, defendant denies.

20.     This paragraph sets forth legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies.

21.     Defendant repeats and realleges its responses contained in the paragraphs set forth above.

22.     Defendant admits that when processing FOIA Request F-2010-00600, which was submitted by plaintiff's counsel Kelly McClanahan, defendant identified responsive "material" which was determined to be "currently and properly classified" and exempt from disclosure under FOIA, such that the request was denied in its entirety on the basis

of FOIA exemptions (b)(1), (b)(3) and/or (b)(5) on 24 September 2013 .  Defendant respectfully refers the Court to its letter for a full and accurate statement of its contents.

23.  Defendant admits that on 5 December 2013, plaintiff submitted a FOIA request seeking "[a]ll information in CADRE about the 110 records responsive to FOIA Request No. F-2010-00600."  Defendant refers the Court to the cited request for a full and accurate statement of its contents.

24.   Defendant admits that the first clause of the sentence in paragraph 24 accurately quotes a portion of plaintiff's FOIA request cited in paragraph 23.  The second clause of the sentence in paragraph 24 sets forth plaintiff's characterization of  its reasons for submitting its FOIA request cited in paragraph 23 which defendant is without knowledge or information sufficient to form a belief as to the truth of plaintiff's characterization.  Defendant respectfully refers the Court to that request for a full and accurate statement of its contents.

25.  Admits.

26.  Defendant admits the allegations in paragraph 26.  Defendant respectfully refers the Court to the cited CIA's response for a full and accurate statement of its contents.

27.   Defendant admits that, as of the date plaintiff filed its complaint, defendant had not issued a final determination for the request cited in paragraph 23.

28.  This paragraph sets forth a legal conclusion to which no response is required.

29.  This paragraph sets forth a legal conclusion to which no response is required.  To the extent a response is deemed required, defendant denies.

30.  Defendant repeats and realleges its responses contained in the corresponding numbered paragraphs above.

31.     Admits.

32.     Denies.

33.     Defendant admits that on 4 December 2013, plaintiff submitted to IMS a FOIA request seeking "[a]ll CIA regulatory issuances contained in the internal Agency-wide regulatory database located in [CMCG]." Defendant respectfully refers that the Court to that request for a full and accurate statement of its contents.

34.     Defendant admits the allegations in the first sentence of paragraph 34. The remaining allegations contain plaintiff's characterization of or quotations from its FOIA request cited in paragraph 33. Defendant respectfully refers the Court to cited request for a full and accurate statement of its contents.

35.     Defendant admits the allegations in the first sentence of paragraph 35. The remaining allegations in this paragraph contain plaintiff's characterization of CIA's letter to which no response is required. Defendant respectfully refers the Court to the letter for a full and accurate statement of its contents.

36.     Admits. Defendant respectfully refers the Court to the cited appeal for a full and accurate statement of its contents.

37.     Defendant admits that, defendant has received plaintiff's appeal, but as of the date plaintiff filed its complaint, defendant had not acknowledged plaintiff's appeal.

38.     Defendant admits that, as of the date plaintiff filed its complaint, defendant had not issued a final determination letter for this appeal.

39.     This paragraph is a legal conclusion to which no response is required.

40.     This paragraph sets forth a legal conclusion to which no response is required. To the extent a response is deemed required, defendant denies.

41.     Defendant repeats and realleges its responses contained in the corresponding numbered paragraphs above.

42.     Defendant admits the allegations in the first sentence of this paragraph, and that the documents mentioned can be found at the websites listed.  Defendant is without knowledge or information sufficient to form a belief as to the truth regarding the date plaintiff last accessed the listed websites.

43.     Defendant admits the 2008 version of the Classification Management Tools User's Manual is not the current edition.  Defendant is without knowledge or information sufficient to form a belief as to the truth regarding the date plaintiff last accessed the listed website.

44.     Defendant admits that on February 3, 2014, plaintiff submitted to IMS a FOIA request for "(1) [t]he Classification Management Tools User Manual and (2) all Quick Reference Guides published by [CMCG]."   Defendant respectfully refers the Court to the request for a full and accurate statement of its contents.

45.     Defendant admits the allegations in the first sentence of this paragraph.  The remaining allegations in this paragraph contain plaintiff's characterization of and quotations from its FOIA request cited in paragraph 44 to which no response is required.  Defendant refers the Court to the cited request for a full and accurate statement of its contents.

46.     Admits.

47.     This paragraph contains quotations from the CIA's letter cited in paragraph 46, which refers to a response letter sent to plaintiff's counsel for his identical 30 January

2013 request. Defendant refers the Court to the letter cited in paragraph 46 above for a full and accurate statement of its contents.

48. This paragraph contains quotations from the CIA's letter cited in paragraph 46. Defendant refers the Court to the cited letter for a full and accurate statement of its contents.

49. The allegation in the first sentence of paragraph 49 contains plaintiff's characterization of the response to which no response is required. Defendant admits the allegation in the second sentence of its "acknowledgment letter" cited in paragraph 46. Defendant refers the Court to the cited letter for a full and accurate statement of its contents.

50. Defendant admits that plaintiff has not filed an appeal. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations which set forth plaintiff's characterization of its reason for not filing an appeal.

51. Defendant admits that, as of the date plaintiff filed its complaint, defendant had not issued a final determination for the request cited in paragraph 44.

52. This paragraph sets forth a legal conclusion to which no response is required.

53. This paragraph sets forth a legal conclusion to which no response is required. To the extent a response is deemed required, defendant denies.

54. Defendant repeats and realleges its response contained in the corresponding numbered paragraphs above.

55. Defendant admits that, on July 16, 2013, plaintiff submitted to IMS a FOIA request seeking "any objections to agency data gathering practices received by this

agency from telecommunications and web service providers." Defendant refers the Court to the cited request for a full and accurate statement of its contents.

56. This paragraph contains plaintiff's characterization of and quotations from the FOIA request cited in paragraph 55. Defendant refers the Court to the cited request for a full and accurate statement of its contents.

57. This paragraph contains plaintiff's characterization of the FOIA request cited in paragraph 55. Defendant refers the Court to the cited request for a full and accurate statement of its contents.

58. Defendant admits the allegations in the first sentence of paragraph 58. The remaining allegations contain plaintiff's characterization of and quotations from the cited letter to which no response is required. Defendant refers the Court to the cited letter for a full and accurate statement of its contents.

59. Defendant admits that plaintiff sent a letter dated September 4, 2013 regarding the cited FOIA request. Defendant refers the Court to the letter for a full and accurate statement of its contents.

60. Defendant admits that it sent a letter to plaintiff on September 17, 2013. The remaining allegations contain plaintiff's characterization of and quotations from the cited letter. Defendant refers the Court to the cited response for a full and accurate statement of its contents.

61. Defendant admits that plaintiff sent a letter on November 4, 2013, regarding plaintiff's FOIA request cited in paragraph 55. The remaining allegations in this paragraph contain quotations from the cited letter. Defendant refers the Court to the cited letter for a full and accurate statement of its contents.

62.     The allegations in this paragraph contain quotations from the letter cited in paragraph 61.  Defendant refers the Court to the cited response for a full and accurate statement of its contents.

63.     Defendant admits that Ms. Michele Meeks called plaintiff's counsel in order to discuss the request cited in paragraph 55 above, and left him a voicemail; however, defendant denies the remaining allegations, which contain plaintiff's characterization of the voice mail left by Ms. Meeks.

64.     Defendant admits Ms. Meeks and Mr. Morisy spoke regarding the request cited in paragraph 55 above, but denies the remaining allegations which contain plaintiff's characterization of their conversation.

65.     Defendant denies plaintiff's account of the conversation, but admits Ms. Meeks recommended ways in which plaintiff could narrow the scope of the request so that the CIA could ensure an effective search for the records plaintiff was seeking could be conducted, and Mr. Morisey responded he would consider it and get back in touch with Ms. Meeks.

66.     With regard to the allegations in the first sentence of paragraph, defendant is without knowledge or information sufficient to form a belief as to whether Mr. Morisy ever called Ms. Meeks back.  With respect to the allegations in the second sentence, defendant admits that Ms. Meeks never contacted plaintiff regarding this request after the telephone call cited in paragraph 64.

67.     Defendant denies the allegations in paragraph 67.

68. Defendant admits that, as of the date plaintiff filed its complaint, there has been no further communications between the parties regarding the request cited in paragraph 55.

69. Defendant admits that plaintiff has not filed an appeal regarding the request cited in paragraph 55. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations, which set forth plaintiff's characterization as to its reasons for not filing an appeal.

70. This paragraph sets forth a legal conclusion to which no response is required. To the extent a response is deemed required, defendant denies.

71. Defendant repeats and realleges its responses contained in the corresponding numbered paragraphs above.

72. Admits.

73. Admits. Defendant refers to Court to the request for a full and accurate statement of its contents.

74. This paragraph contains quotations from the FOIA requests cited in paragraph 73. Defendant refers the Court to the requests for a full and accurate statement of its contents.

75. Defendant admits that it received all four FOIA requests cited in paragraph 73 and, in accordance with 32 C.F.R. 1900.13(j), combined all four requests into one case file: F-2014-00752, but inadvertently sent plaintiff a letter acknowledging receipt of the FOIA request cited in paragraph 73 that only referenced one request and failed to mention defendant had combined all four identical requests into one for processing purposes. The remaining allegations contain plaintiff's characterization of and quotations from the cited letter. Defendant denies the allegation in the last sentence that it maintains

a policy in which FOIA requesters may not appeal such determinations, and refers the Court to the cited response for a full and accurate statement of its contents.

76.    Defendant repeats and realleges its response contained in paragraph 75 above.

77.    Defendant admits that plaintiff has not filed an appeal regarding the request cited in paragraph 73.  Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations, which set forth plaintiff's characterization of its reasons for not filing an appeal.

78.    This paragraph sets forth a legal conclusion to which no response is required.  To the extent a response is deemed required, defendant denies.

79.    Defendant repeats and realleges its responses contained tin the corresponding numbered paragraphs above.

80.    The allegation in paragraph 80 sets forth plaintiff's general characterization of defendant's responses, and quotations from one specific letter cited in paragraph 75 to which no response is required.  Defendant refers the Court to the cited letter for a full and accurate statement of its contents.

81.    The allegations in paragraph 81 set forth plaintiff's characterization and conclusions regarding defendant's FOIA search processes and capabilities to which no response is required.  To the extent a response is required, defendant denies.

82.    The allegations in this paragraph set forth plaintiff's legal conclusions to which no response is required.  To the extent a response is required, defendant denies.

83.    The allegations in this paragraph set forth plaintiff's legal conclusions to which no response is required.  To the extent a response is required, defendant denies.

84. Defendant admits that plaintiff have submitted other FOIA requests. The remaining allegations in this paragraph set forth plaintiff's characterization of those requests and a purported per se policy of the CIA regarding the information required by the CIA, to which no response is required.

85. The allegations in this paragraph set for plaintiff's legal conclusion to which no response is required. To the extent a response is deemed to be required, defendant denies.

86. Defendant repeats and realleges its responses contained in the corresponding numbered paragraphs above.

87. Defendant admits CREST is the CIA's publically accessible electronic full-text searchable repository located at the National Archives in College Park, MD that contains a subset of CIA records reviewed under the automatic declassification provisions of Executive Order 13256 requiring the declassification of nonexempt historically valuable records 25 years or older. Defendant denies that CREST records are "only available" at NARA.

88. Defendant admits that, to directly access CREST, a researcher must visit the CREST computer terminals at National Archives at College Park, Maryland during NARA's business hours. However, researchers can also use defendant's public "e-FOIA" website which provides researchers with an online searchable index to almost all of the roughly 11 million pages loaded onto CREST, which then can be the subject of a FOIA request. Additionally, about 250,000 "Best of CREST" pages have been loaded in full-text PDF form to defendant's "e-FOIA" website.

89. Admits.

90.     Denies.

91.     Defendant admits that on February 4, 2014, plaintiff submitted a FOIA request regarding the notice at the CREST terminal. Defendant refers the Court to the cited request for a full and accurate statement of its contents.

92.     The paragraph contains plaintiff's characterization of and a quotation from its FOIA request cited in paragraph 91 to which no response is required. Defendant refers the Court to the cited request for a full and accurate statement of its contents.

93.     Defendant admits the allegations in the first sentence of paragraph 93. The remaining allegations contained plaintiff's characterization of and quotations from the FOIA request cited in paragraph 91 to which no response is required. Defendant refers the Court to the cited request for a full and accurate statement of its contents.

94.     Admits. Defendant refers the Court to the cited letter for a full and accurate statement of its contents.

95.     Defendant admits that, as of the date plaintiff filed its complaint, defendant had not issued a final determination for the request cited in paragraph 91.

96.     This paragraph sets forth plaintiff's legal conclusions to which no response is required.

97.     This paragraph sets forth plaintiff's legal conclusion to which no response is required. To the extent a response is deemed to be required, defendant denies.

98.     Defendant repeats and realleges its responses contained in the corresponding numbered paragraphs above.

99.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 99.

100.    Defendant admits that on 4 February 2014, plaintiff submitted a FOIA request and that plaintiff accurately quotes a portion of that requests.  Defendant refers the Court to the cited request for a full and accurate statement of its contents.  Defendants denies the allegation in the last sentence of this paragraph.

101.    Admits.  Defendant refers the Court to the cited letter for a full and accurate statement of its contents.

102.    Defendant admits that, as of the date plaintiff filed its complaint, defendant had not issued a final determination for the request cited in paragraph 100.

103.    This paragraph sets forth plaintiff's legal conclusion to which no response is required.

104.    This paragraph sets forth plaintiff's legal conclusion to which no response is required.  To the extent a response is deemed required, defendant denies.

105.    Defendant repeats and realleges its responses contained in the corresponding numbered paragraphs above.

106.    Admit.  Defendant refers the Court to the cited response for a full and accurate statement of its contents.

107.    This paragraph contains plaintiff's characterization of the FOIA request cited in paragraph 106 to which no response is required.  Defendant refers the Court to the cited request for a full and accurate statement of its contents.

108.    This paragraph contains plaintiff's characterization of and quotations from the FOIA request cited in paragraph 106 to which no response is required.  Defendant refers the Court to the cited response for a full and accurate statement of its contents.

109. Defendant admits the allegation in the first sentence of paragraph 109. The remaining allegations contain plaintiff's characterization of and quotations from its FOIA request cited in paragraph 106 to which no response is required. Defendant refers the Court to the cited response for a full and accurate statement of its contents.

110. Defendant admits that, as of the date plaintiff filed its complaint, defendant received and assigned the request cited in paragraph 106 Request No. F-2014-01732, but had not responded with either an acknowledgement letter, or a final response.

111. This paragraph contains plaintiff's legal conclusion to which no response is required.

112. This paragraph contains plaintiff's legal conclusion to which no response is required. To the extent a response is deemed required, defendant denies.

The remaining allegations in the complaint constitute a prayer for relief to which no response is required. If a response is required, the allegations are denied. Defendant further denies that plaintiff is entitled to any relief demanded in the complaint, or any relief whatsoever.

Defendant denies all allegations in the complaint that they have not expressly admitted.

Defenses

1. Plaintiff's complaint fails to state a claim upon which relief can be granted.
2. Records at issue are exempt from disclosure under the FOIA.

WHEREFORE, defendant prays that the Court dismiss plaintiff's suit with prejudice, render judgment that plaintiff take nothing by this action and award defendant all other relief to which it is entitled, including costs and disbursement.

Respectfully submitted,

STUART F. DELERY
Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Branch Director

s/Marcia K. Sowles
MARCIA K. SOWLES
DC Bar No. 369455
Senior Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue N.W.  Room 7114
Washington, D.C.  20530
Tel.: (202) 514- 4960
Fax: (202) 616- 8470
E-mail:  marcia.sowles@usdoj.gov

Attorneys for Defendant