UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MUCKROCK, LLC, | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | ) Civ. A. No. 1:14-CV-00997-KBJ |
| | ) |
| CENTRAL INTELLIGENCE AGENCY, | ) |
| | ) |
| *Defendant.* | ) |

## DECLARATION OF DAVID M. HARDY

I, David M. Hardy, declare as follows:

(1)     I am the Section Chief of the Record/Information Dissemination Section

("RIDS"), Information Management Division ("IMD"), in Winchester, Virginia. I have held this

position since August 1, 2002. Prior to joining the Federal Bureau of Investigation ("FBI"), from

May 1, 2001 to July 31, 2002, I was the Assistant Judge Advocate General of the Navy for Civil

Law. In that capacity, I had direct oversight of Freedom of Information Act ("FOIA") policy,

procedures, appeals, and litigation for the Navy. From October 1, 1980 to April 30, 2001, I

served as a Navy Judge Advocate at various commands and routinely worked with FOIA

matters. I am also an attorney who has been licensed to practice law in the State of Texas since

1980.

(2)     In my official capacity as Section Chief of RIDS, I supervise approximately 245

FBI employees, supported by approximately 74 contractors, who staff a total of twelve (12) FBI

Headquarters ("FBIHQ") units and two (2) field operational service center units whose collective

mission is to effectively plan, develop, direct, and manage responses to requests for access to

FBI records and information pursuant to the FOIA as amended by the OPEN Government Act of

1

2007, the OPEN FOIA Act of 2009, and the FOIA Improvement Act of 2016; the Privacy Act of

1974; Executive Order 13526; Presidential, Attorney General, and FBI policies and procedures;

judicial decisions; and Presidential and Congressional directives. The statements contained in

this declaration are based upon my personal knowledge, upon information provided to me in my

official capacity, and upon conclusions and determinations reached and made in accordance

therewith.

      (3)     Due to the nature of my official duties, I am familiar with the FBI's handling of a

referral dated April 20, 2017, from the Central Intelligence Agency ("CIA") of seven CIA

regulatory documents, marked in the upper/lower left hand corner as C06594150/AR 2-1

("Document 1"), C06594152/AR 2-1B ("Document 2"), C06594153/AR 2-1C ("Document 3"),

C06594154/AR 2-1D ("Document 4"), C06594159/AR 2-2 ("Document 5"), C06594161/AR 2-

2B ("Document 6"), and C06594164/AR 2-2E ("Document 7").

      (4)     On or about June 15, 2017, the FBI provided its response to the CIA

recommending FBI equities be withheld pursuant to FOIA Exemptions 1, 3 and 7(E), 5 U.S.C.

§§ 552 (b)(1), (b)(3), and (b)(7)(E).[1]

## JUSTIFICATION FOR NONDISCLOSURE UNDER THE FOIA

      (5)     The FBI withheld information located within CIA regulatory documents. The

FBI processed its equities to achieve maximum disclosure consistent with the access provisions

of the FOIA. Every effort was made to provide Plaintiff with all reasonably segregable non-

exempt information in the responsive records. No reasonably segregable, non-exempt portions

have been withheld from Plaintiff. Further description of the information withheld, beyond what

---

[1] The CIA and FBI have joint equities within portions of the responsive records. The CIA is the original classification authority over these records. Therefore, it will provide justification of all withholdings under FOIA Exemptions (b)(1) and (b)(3).

is provided in this declaration, could identify the actual exempt information the FBI has

protected. FOIA Exemption 7(E) was asserted by the FBI as grounds for non-disclosure of

portions of Documents 1-3[2] and 5-7.[3] The FBI did not request any information be withheld in

Document 4.

## **EXEMPTION 7 THRESHOLD**

(6)     Before an agency can invoke any of the harms enumerated in Exemption (b)(7), it

must first demonstrate that the records or information at issue were compiled for law

enforcement purposes. Law enforcement agencies such as the FBI must demonstrate that the

records at issue are related to the enforcement of federal laws and that the enforcement activity is

within the law enforcement duty of that agency.

(7)     Pursuant to 28 USC §§ 533, 534, and Executive Order 12333 as implemented by

the Attorney General's Guidelines for Domestic FBI Operations ("AGG-DOM") and 28 CFR §

0.85, the FBI is the primary investigative agency of the federal government with authority and

responsibility to investigate all violations of federal law not exclusively assigned to another

agency, to conduct investigations and activities to protect the United States and its people from

terrorism and threats to the national security, and further the foreign intelligence objectives of the

United States. Under this investigative authority, the responsive records herein were compiled

for purposes of investigating and gathering intelligence information, and apprehending and

---

[2] The CIA denied in full these three records. See the CIA's declaration for justification of withheld information/exemptions.

[3] The CIA released-in-part these three records, entitled, AR 2-2 Law and Policy Governing the Conduct of Intelligence Activities; AR 2-2B ANNEX B -- Guidance for CIA Activities Within the United States; and AR 2-2E ANNEX E -- Memorandum of Understanding Concerning Overseas and Domestic Activities of the Central Intelligence Agency and the Federal Bureau of Investigation. See the CIA's declaration for justification of withheld information/exemptions.

prosecuting subjects who have committed acts of terrorism against the United States, and such records relate to the enforcement of federal laws and such activity is within the law enforcement duties of the FBI.

(8)     The FBI has a dual mission and function as both a law enforcement and intelligence agency and is responsible for detecting and investigating violations of Federal criminal laws, international terrorism, and threats to national security.  The FBI collects, disseminates and retains intelligence as part of its law enforcement mission.  The FBI routinely works with other state and federal law enforcement agencies to thwart terrorist and criminal activities, providing them with information collected pursuant to authorities under EO 12333. Information collected by the FBI, regardless of being characterized as "traditionally criminal" or "intelligence," is used by the FBI for its overall law enforcement missions of combating counterintelligence and counterterrorism threats both domestically and overseas.  The regulatory documents reviewed by the FBI set forth policies and procedures governing the CIA's and FBI's conduct in intelligence activities and organization activities within the United States.  Therefore, these records were compiled for law enforcement purposes; squarely fall within the law enforcement duties of the FBI; and readily meet the threshold requirement of Exemption 7.

## EXEMPTION (b)(7)(E)
## INVESTIGATIVE TECHNIQUES AND PROCEDURES

(9)     5 U.S.C. § 552(b)(7)(E) provides protection for:

> Law enforcement records which would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law.

(10)    Exemption (b)(7)(E) has been asserted in Documents 1-3 and 5-7 to protect portions of information containing sensitive non-public investigative techniques and procedures

utilized by the FBI to pursue its law enforcement and intelligence gathering missions, and also to

non-public details about techniques and procedures that are otherwise known to the public. This

exemption affords categorical protection to techniques and procedures used in law enforcement

investigations; it protects techniques and procedures that are not well-known to the public as well

as non-public details about the use of well-known techniques and procedures.

(11)    The FBI's rationale for protecting this information cannot be examined in a

vacuum; it must be analyzed within the larger context of our country's current national security

climate. The FBI is charged with protecting the nation from security risks posed by U.S. and

non-U.S. individuals, organizations (such as terrorist groups), and foreign nations that seek to

harm the United States. Thus, if specific investigative techniques or procedures are made public,

the very criminals and terrorist groups who seek harm to U.S. interests can use the information to

their advantage, learn FBI tactics in gathering information, and develop countermeasures to

avoid detection.

(12)    The FBI protected information within the regulatory documents under one or

more of the following Exemption (b)(7)(E) sub-categories:

1. Sensitive Details Regarding Surveillance Techniques and Procedures Used in National Security Investigations;
2. Methods used in Collection/Analysis of Information;
3. Information Concerning the Installation, Locations, Monitoring, and Types of Devices Utilized in Surveillance; and
4. Operational Directives Concerning Sensitive Investigative Techniques and Strategies.

(13)    These sub-categories will explain the basis for applying the exemption to

particular information. To describe the protected information in any further detail would identify

and highlight the sensitive information the FBI seeks to protect. The revelation of such details

could enable targets of these techniques to develop countermeasures or avoid detection in order

to circumvent the FBI's law enforcement efforts. Exemption (b)(7)(E) is often cited in

conjunction with FOIA Exemptions (b)(1) and (b)(3). The CIA will address these underlying

FOIA Exemptions.

## Exemption (b)(7)(E) – Sensitive Details Regarding Surveillance Techniques and Procedures Used in National Security Investigations

(14)    Exemption (b)(7)(E) has been asserted to protect information regarding the

techniques and procedures utilized by the FBI in conducting national security investigations

including information revealing what types of techniques and procedures are routinely used in

such investigations and are not publicly known, as well as non-public details about the use of

well-known techniques and procedures. The government's use of electronic surveillance is a

known public fact; however, the techniques used in connection with electronic surveillance are

not well-known. All documents, at issue, contain sensitive information about the specific

investigative methods and techniques used by the FBI in conducting surveillances in furtherance

of national security investigations.

(15)    To describe the investigative methods and techniques in further detail would

highlight the very information the FBI seeks to protect pursuant to this exemption. Revealing

details about information-gathering methods and techniques commonly used in national security

investigations, and the circumstances under which they are used, would enable the targets of

those methods and techniques to avoid detection of and develop countermeasures to circumvent

the FBI's ability to effectively use such critical law enforcement methods and techniques in

current and future national security investigations, thus allowing the circumvention of the law.

Accordingly, the FBI properly withheld this information pursuant to FOIA Exemption 7(E).

## Methods Used in Collection/Analysis of Information

(16)    Exemption (b)(7)(E) has been asserted to protect methods the FBI uses to collect and analyze information in connection with national security investigations. The release of this information would disclose the identity of methods used in collecting and analyzing information, including how and from where the FBI collects information, and the methodologies employed to analyze it. Such disclosures would enable investigative subjects to circumvent similar and currently used techniques. The relative utility of these techniques could be diminished if the actual techniques were released. In turn, this would facilitate in the accumulation of information by investigative subjects regarding the circumstances under which specific techniques were used or requested to collect certain information, how the information collected is analyzed, and the usefulness of the information obtained. Release of this information would enable terrorists to educate themselves on techniques employed by the FBI in collecting and analyzing information, and would allow these individuals to take countermeasures to circumvent the effectiveness of these techniques.

(17)    Similar to the reasoning articulated above, the use of electronic surveillance is a known public fact; however, the methods the FBI utilizes to collect and analyze the information is not well known. Several of these documents contain sensitive information about investigative methods used by the FBI in conducting national security investigations. The methods are detailed within the documents in varying degrees of specificity. Releasing information on these methods and use would, in essence, highlight the types of activities, facts, or occurrences that are of particular interest to the FBI in national security investigations. Publicly disclosing investigative methods, analysis of information gleaned from the methods, or any other sort of details regarding it, would inform individuals of the kinds of information the FBI is interested in capturing and would afford them the opportunity to employ countermeasures to circumvent

7

detection or alter behavior to mislead investigations. Accordingly, the FBI properly withheld this information pursuant to FOIA Exemption 7(E).

**Information Concerning the Installation, Locations,
Monitoring, and Types of Devices Utilized in Surveillance**

(18)    Exemption (b)(7)(E) has been asserted to protect information concerning the installation, locations, monitoring, and types of devices utilized in surveillances conducted by the FBI. The law enforcement techniques used to conduct these surveillances are the same techniques utilized by the FBI in current criminal and national security investigations. Again, it is publicly known that the FBI and other law enforcement agencies engage in different types of surveillance in investigations. However, disclosure of non-public details about when, how, and under what circumstances the FBI conducts surveillance would allow current and future subjects of FBI investigations and other potential criminals to develop and utilize countermeasures to defeat or avoid different types of surveillances, thus rendering the techniques useless to the FBI and other law enforcement agencies. Accordingly, because the disclosure of this information could reasonably be expected to reveal non-public details about law enforcement techniques that are still being used by the FBI and risk circumvention of the law, the FBI has properly withheld this information pursuant to FOIA Exemption 7(E).

**Operational Directives Concerning
Sensitive Investigative Techniques and Strategies**

(19)    Exemption (b)(7)(E) has been asserted to protect information contained in the CIA regulatory documents responsive to Plaintiff's request. These regulatory documents provide information to and instruct CIA and FBI employees on the proper use of certain sensitive procedures, techniques, and strategies for conducting national security investigations. Specifically, the protected information falls within both subtypes of 7(E) "law enforcement

techniques and procedures" and "law enforcement guidelines. Releasing such information would not only provide sensitive, unknown investigative techniques, it would also reveal sensitive unknown uses of these specific techniques and procedures. If released in its entirety, the information would provide individuals and entities with a unique look inside the FBI's law enforcement and national security "playbooks." Armed with such information, criminals could predict how and when the FBI will respond to certain suspicious/criminal activities, and the investigative techniques the FBI is most likely to employ in those situations. This would afford criminals the ability to preemptively modify their behavior in a manner that voids detection and disrupt the very investigative procedures, techniques, and strategies that these regulatory documents are intended to protect. Consequently, the release of this information in full would increase the risk that targets of national security investigations could develop countermeasures and avoid detection by interfering with the FBI's ability to effectively use these important national security law enforcement techniques. A release of this information would allow individuals and entities seeking to commit crimes or threaten the United States' national security an opportunity to avoid detection and circumvent the law. Thus, the FBI properly withheld this information pursuant to FOIA Exemption 7(E).

## CONCLUSION

(20)    The FBI processed the referred records under the access provisions of the FOIA; and provided its response to CIA. Portions of Information were properly withheld in the records pursuant to FOIA Exemption 7(E), 5 U.S.C. § 552 (b)(7)(E). The FBI carefully examined the responsive records and determined that the information withheld, if released, would disclose techniques and procedures for law enforcement investigations or prosecutions, the disclosure of which, could reasonably be expected to risk circumvention of the law. After extensive review of the documents at issue, I have determined that there is no further non-exempt information that

can be reasonably segregated and released without revealing exempt information.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true

and correct.

Executed this 4th day of October, 2019.

DAVID M. HARDY
Section Chief
Record/Information Dissemination Section
Information Management Division
Federal Bureau of Investigation
Winchester, Virginia