UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MUCKROCK, LLC, | * |
| Plaintiff, | * |
| v. | * |
| | * Civil Action No. 1:14-cv-00997 |
| CENTRAL INTELLIGENCE AGENCY, | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFF'S MOTION TO REOPEN CASE**

NOW COMES Plaintiff MuckRock, LLC ("MuckRock") to respectfully move this Court, pursuant to Federal Rule of Civil Procedure ("FRCP") 60(b), to reopen this case, which was improperly closed without action by the presiding judge. As explained in the following memorandum, which has been included in this Motion due to its short length, the Office of the Clerk lacked the authority to close this case and, to the extent that it had any authority in the matter, it exceeded that authority when it closed the case despite the record being corrected to reflect that MuckRock only consented to a *partial* dismissal. The fact that a significant amount of time has passed does not change this conclusion, especially when the Court considers that one of the involved agencies has been continuing to process records—without MuckRock's knowledge—for the intervening time, only concluding that process in December 2023, at which point MuckRock learned that the FOIA process was not completed as it had understood in 2020.

CIA opposes this Motion. A proposed order accompanies this Motion.

<u>**Memorandum of Points and Authorities**</u>

I.       FACTUAL AND PROCEDURAL HISTORY

Much of the history of this case is not directly relevant to this Motion, and so MuckRock will only briefly summarize the most pertinent developments. This case began with a nine-count Complaint filed in June 2014 challenging the Central Intelligence Agency's ("CIA") processing of twelve FOIA requests, although an additional tenth count was added for a thirteenth request a month later. (*See generally* 1st Am. Compl., Dkt. #8, *passim* (filed July 8, 2014).) Over the course of the following six years, nine counts were resolved, as follows:

    Count Two: CIA produced responsive records, and the Court granted summary judgment in CIA's favor. *MuckRock, LLC v. CIA*, 300 F. Supp. 3d 108, 124 (D.D.C. 2018) [hereinafter *MuckRock I*].

    Count Three: CIA produced responsive records, but due to the increasingly stale nature of the responsive records, MuckRock voluntarily dismissed the count. (Pl.'s Not. Vol. Dismissal, Dkt. #66, at 1 (filed July 24, 2020) [hereinafter Dismissal Not.].)

    Count Four: CIA produced responsive records, and the Court granted summary judgment in CIA's favor. *MuckRock I* at 128.

    Count Five: CIA withheld one record, and the Court granted summary judgment in CIA's favor. *Id.* at 127.

    Count Six: CIA produced responsive records, and MuckRock voluntarily dismissed the count. *Id.* at 116 n.10.

    Count Seven: The Court granted summary judgment in MuckRock's favor and issued a declaratory judgment that CIA's policy violated FOIA. *Id.* at 136-37.

Count Eight: CIA produced responsive records, and MuckRock voluntarily dismissed the count. *Id.* at 116 n.10.

Count Nine: CIA produced responsive records, and MuckRock voluntarily dismissed the count. *Id.* at 116 n.10.

Count Ten: CIA posted the contents of the database in question to its Electronic Reading Room, and MuckRock voluntarily dismissed the count. *Id.* at 115 n.7.

Count One was more complicated, however. The original request was for records about the processing of a number of previous information requests made pursuant to FOIA, the Privacy Act, Executive Order 13,526, and other applicable authorities. (1st Am. Compl. ¶¶ 8-20.) CIA processed responsive records for approximately two years, issuing its final release on 10 October 2017. In 2015, CIA referred some responsive records to an unspecified number of other agencies, which it did not identify. (Letter from Lavergne to McClanahan of 8/31/15, attached as Ex. A.) Three agencies responded directly to MuckRock within a few months: the Federal Bureau of Investigation ("FBI"), the Office of the Director of National Intelligence ("ODNI"), and the National Reconnaissance Office ("NRO"). (J. Stat. Rep., Dkt. #47, at 2 (filed Mar. 19, 2018) [hereinafter 3/18 JSR].) In March 2018, CIA advised MuckRock and the Court that processing was complete for Count One (*see id.* at 1-2), and in April 2018, MuckRock advised CIA and the Court that it would be challenging the Government's withholdings in four categories of records, but that it could not identify the challenged withholdings with any greater specificity at that time due to a lack of information. (J. Stat. Rep., Dkt. #48, at 1-2 (filed Apr. 6, 2018).) In that filing, CIA correctly stated that the *Vaughn* index that MuckRock was requesting was not required until the agency filed a motion for summary judgment, which would not be forthcoming for some time because of the ongoing processing of MuckRock's other requests. (*Id.* at 2.)

After filing the April 2018 Joint Status Report, neither party mentioned Count One in any filings, nor did their respective counsel mention it in any correspondence. When CIA filed its next motion for summary judgment, it only sought summary judgment "on the claims raised in Count 3 of Plaintiff's Amended Complaint." (Def.'s Mot. Summ. J., Dkt. #58-1, at 1 (filed Oct. 7, 2019).) MuckRock accordingly limited its opposition and cross-motion to Count Three. (Pl.'s Mem. P. & A. Opp'n Def.'s Mot. Summ. J. & Supp. Pl.'s Cross-Mot. Summ. J., Dkt. #62-1, *passim* (filed Feb. 13, 2020).) Due to the omission of Count One from CIA's motion and from any discussions between the parties for seventeen months, MuckRock was under the mistaken impression that Count Three was the only remaining matter in controversy. (*See id.* at 1 ("CIA filed a Motion for Summary Judgment on the sole remaining count."); *see also* Pl.'s Cross-Mot Summ. J., Dkt. #63-1, at 1 (filed Feb. 13, 2020) (requesting "summary judgment in favor of Plaintiff on all remaining issues" despite only addressing Count Three in supporting brief).) After CIA filed its reply and opposition to MuckRock's cross-motion, MuckRock's undersigned counsel advised CIA's counsel, "We have decided to voluntarily dismiss Count 3, bringing this case to a close with the exception of fee discussions," to which CIA's counsel replied, "We are agreeable to your dismissal of Count 3, the last remaining count in the case." (Email from Sowles to McClanahan of 7/15/20, attached as Ex. B.)

MuckRock then filed a notice of voluntary dismissal, in which it stated that it "hereby elects not to further contest any of the issues remaining in controversy in this case." (Dismissal Not. at 1.) However, it was clear at the time that MuckRock was not aware that Count One remained in controversy, since the notice continued:

> Accordingly, MuckRock respectfully asks the Court to enter an order dismissing Count 3 as a result of MuckRock's voluntary dismissal without adjudicating any of the issues remaining in controversy regarding that count. Such an order will constitute a final judgment, since Count 3 is the only remaining count in this case.

> Since this partial dismissal only applies to Count 3, MuckRock reserves the right
> to appeal adverse portions of the Court's previous decisions regarding other counts
> to the D.C. Circuit at the conclusion of this case.

(*Id.* at 1-2.) Roughly two months later, when reviewing the record for purposes of appeal, MuckRock discovered the oversight and filed an errata clarifying that it only voluntarily dismissed Count Three, adding that "[t]he Court should accordingly reopen the case—while dismissing Count 3—so that the parties can properly brief summary judgment on Count 1."[1] (Errata, Dkt. #67, at 1-2 (filed Sept. 22, 2020).)

After receiving no response from the Court, the undersigned contacted CIA's counsel to attempt to propose a briefing schedule, and CIA's counsel instead took the position that Count One had been "waived at this point through inaction" and that MuckRock would need to file a motion to "revive the claim" that CIA would then oppose. (Email from Sowles to McClanahan of 10/7/20, attached as Ex. C.) For a variety of reasons, including the ongoing coronavirus emergency and the fact that, as far as MuckRock knew, reviving a count pertaining to a FOIA request that had been completely responded to three years before would be prohibitively difficult, MuckRock declined to engage in a formal argument with CIA at that time.

However, unbeknownst to MuckRock, the National Archives and Records Administration ("NARA") had *also* received a referral of records on 31 August 2015. No mention of this referral was made in any CIA filings (*see*, *e.g.*, 3/18 JSR at 2 (citing only FBI, ODNI, and NRO referrals)), and MuckRock has no record of receiving any contemporaneous acknowledgement of the referred request. MuckRock only learned of this referral when NARA responded to the referred request, which it had assigned Request No. NGC15-343, *eight years later*, on 6 December 2023. (Letter from Thompson to McClanahan of 12/6/23, attached as Ex.

---

[1] The case had been marked "Closed" as of 24 July 2020 in the CM/ECF system, although no order was ever issued by the Court.

5

D.)[2] As soon as MuckRock received this response, the undersigned emailed CIA's counsel to seek its position on this Motion, and CIA's counsel stated that CIA opposed reopening the case, arguing that MuckRock had been on notice since 2015 that CIA had referred records to other agencies.

## II.     REOPENING THE CASE IS WARRANTED

In light of the above factual recitation, it is clear that neither party believed prior to September 2020 that Count One was still in controversy, and it remains equally clear that, despite the fact that this information obviously escaped the notice of both parties, CIA sought to obtain a litigation advantage from the results of its own oversight once the mistake was identified. The record also shows that CIA failed to ever inform either MuckRock or the Court of the existence of the referral to NARA, although it is unclear if this was by accident or design. Regardless of the cause of the problems, however, the Court should easily find that the continued processing by NARA of records responsive to Count One until December 2023 without the knowledge of MuckRock or the Court, coupled with MuckRock's timely attempt in September 2020 to correct the scope of the voluntary dismissal, qualifies as a "reason that justifies relief" under FRCP 60(b)(6), especially when one considers that the Court did not actually order the case to be closed as required by FRCP 41(a)(2).

While "a party that has stipulated to certain facts or has not presented known facts helpful to its cause when it had the chance cannot ordinarily avail itself on rule 60(b) after an adverse judgment has been handed down[,] . . . [t]his does not mean, however, that the district court is

---

[2] While this letter does not include the date of the referral, NARA's FOIA log confirms that it received the referral on 31 August 2015. NARA, *Freedom of Information Act Requests – Full Report: Requests received from October 1, 2014 through September 30, 2015*, at 17 (July 9, 2020), *at* https://www.archives.gov/files/foia/fy2015-ngc-foia-appeal-log-redacted.pdf (last accessed Feb. 24, 2024).

powerless to correct errors into which it is led by the parties' failure to make the key facts known."[3] *Good Luck Nursing Home v. Harris*, 636 F.2d 572, 577 (D.C. Cir. 1980). "When a party timely presents a previously undisclosed fact so central to the litigation that it shows the initial judgment to have been manifestly unjust, reconsideration under rule 60(b)(6) is proper even though the original failure to present that information was inexcusable." *Id.* Moreover, this is not a case of a "strategic choice[] that later turn[ed] out to be improvident." *Kramer v. Gates*, 481 F.3d 788, 792 (D.C. Cir. 2007). MuckRock attempted to correct the matter by filing an errata as soon as it discovered the misunderstanding regarding Count One in September 2020, and it only declined to pursue a more aggressive approach when faced with CIA's unreasonable opposition, which itself was based on a misrepresentation that Count One was, in fact, complete. Once MuckRock discovered *that* misrepresentation, it again is acting in a timely fashion to remedy the issue so that the Court can finally adjudicate Count One on the merits.

      MuckRock grounds this motion in FRCP 60(b)(6) because "this is a peculiar circumstance that does not fall under any of the grounds for relief enumerated in subsections (b)(1) through (b)(5) and is accordingly appropriately dealt with under subsection (b)(6)." *People for the Ethical Treatment of Animals v. HHS*, 226 F. Supp. 3d 39, 49 (D.D.C. 2017). MuckRock does not seek relief under FRCP 60(b)(6) to avoid the time limit for bringing a motion under another subsection of FRCP 60(b), but rather because, even if the Court concludes that the mistake of believing that Count One writ large was not in controversy should have been the subject of a motion filed under subsection (b)(1)-(3), there was absolutely no reason for MuckRock to suspect that the request at issue in Count One *was still being processed* until

---

[3] While much of the relevant case law applies to post-judgment motions, voluntary dismissals are also subject to FRCP 60(b) motions in this Circuit. *See Randall v. Merrill Lynch*, 820 F.2d 1317, 1320 (D.C. Cir. 1987).

NARA's response in December 2023. (*See*, *e.g.*, Email from Sowles to McClanahan of 4/7/17 (stating that the release of "the final set on June 15, 2017 . . . will complete the production on Count 1").)

Moreover, the facts that prompted this Motion do not easily fit within one of the other subsections. While the initial dismissal notice was inadvertently filed with an incorrect scope, MuckRock attempted to correct that mistake once already by filing an errata two months later, and the issue of NARA's ongoing processing was not known at the time, so that cannot be fairly considered a mistake under FRCP 60(b)(1). While CIA did appear to engage in misrepresentation regarding these matters, it would be difficult to argue that MuckRock can meet the "clear and convincing evidence" burden of proof necessary to prove fraud, 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2860 (3d ed. 2014), and so FRCP 60(b)(3) would not be available. And even if the NARA referral could not have been discovered with reasonable diligence in time to file an FRCP 59(b) motion,[4] the fact that Count One was still in controversy was not newly discovered evidence; it was just evidence that both parties had forgotten. And so FRCP 60(b)(2) is not available.

Regarding the three-year period between the filing of the dismissal notice and this Motion, "a delay of several years has been found permissible when plaintiff bore no fault for the delay and filed the motion as soon as feasible." *Carvajal v. DEA*, 286 F.R.D. 23, 26-27 & n.4 (D.D.C. 2012). As demonstrated above, MuckRock bears no responsibility for the fact that NARA's ongoing processing of records responsive to Count One was kept from it until December 2023, and it has filed this Motion as soon as feasible, allowing for sufficient time for

---

[4] The answer to this question is unclear, since even NARA appears to not have been aware that the referral pertained to a matter in litigation. (*See* Ex. D *passim* (providing administrative appeal rights and making no mention of this case).)

the undersigned to conduct all of the appropriate research and formulate a cohesive argument for this extraordinarily unusual circumstance. Nor can being required to justify its processing of a FOIA request be fairly characterized as prejudicial to CIA, especially since FOIA cases are decided based on the declarations of whatever FOIA official happens to hold the position at the time of briefing—based on the administrative record, which must be preserved for six years after the termination of the case—and so there is no concern "that evidence would be lost in the form of faded memories of witnesses and possible difficulty even locating key witnesses." *More v. Lew*, 34 F. Supp. 3d 23, 30 n.2 (D.D.C. 2014).

The last factor weighing in favor of this Motion—and in fact causing confusion as to whether it is necessary—is that, under FRCP 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Despite the fact that MuckRock filed a unilateral request for dismissal, no court order executing it ever followed: the Clerk's Office simply "closed" the case administratively. As a legal matter, it is therefore unclear whether this case is actually closed *at all*, and accordingly whether a motion to reopen it is even necessary. If the Court finds that the case remains legally open, it should simply deny this Motion as moot and order the parties to propose a briefing schedule for Count One. If it finds that the case is actually properly closed, it should reopen it because, even if the Clerk's Office had the authority to act for the Court to close the case, it exceeded its authority when it failed to correct the mistake when MuckRock filed its errata in September 2020.

## **CONCLUSION**

For the foregoing reasons, the Court should order the Clerk to treat this case as open and order the parties to propose a briefing schedule to address the issues remaining in controversy regarding Count One.

Date:   February 24, 2024

                                              Respectfully submitted,

                                              /s/ Kelly B. McClanahan
                                            Kelly B. McClanahan, Esq.
                                            D.C. Bar #984704
                                            National Security Counselors
                                            4702 Levada Terrace
                                            Rockville, MD 20853
                                            301-728-5908
                                            240-681-2189 fax
                                            Kel@NationalSecurityLaw.org

                                            *Counsel for Plaintiff*