UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| MUCKROCK, LLC, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 14-997 (RC) |
| | : | | |
| v. | : | Re Document No.: | 69 |
| | : | | |
| CENTRAL INTELLIGENCE AGENCY, | : | | |
| | : | | |
| Defendant. | : | | |

## ORDER

### DENYING AS MOOT PLAINTIFF'S MOTION TO REOPEN CASE

In 2014, MuckRock, LLC filed a ten-count amended complaint against the Central Intelligence Agency ("CIA"), raising Freedom of Information Act claims. *See* ECF No. 8. The CIA filed an answer, ECF No. 11, and moved for partial summary judgment on eight counts, ECF No. 14. MuckRock voluntarily dismissed Count 10, ECF No. 42, and did not oppose summary judgment on Counts 6, 8, or 9, ECF No. 45, at 10 n.10. The Court ruled on Counts 2, 4, 5, and 7. *Id.* at 49. The CIA then moved for summary judgment on Count 3, ECF No. 58, which MuckRock opposed, ECF No. 62.

On July 24, 2020, before the Court ruled on Count 3, MuckRock filed a notice of voluntary dismissal, "respectfully ask[ing] the Court to enter an order dismissing Count 3" that would serve as "final judgment." ECF No. 66, at 1. The case was then terminated. Two months later, on September 22, 2020, MuckRock filed errata noting that the parties had never addressed Count 1 of the amended complaint, asking the Court to "reopen the case—while dismissing Count 3—so that the parties can properly brief summary judgment on Count 1." ECF No. 67, at 2. MuckRock took no further action for approximately three years.

MuckRock moved to reopen the case on February 24, 2024, arguing that relief under Fed. R. Civ. P. 60(b)(6) is appropriate or, alternatively, that the case remains open because the Court never issued a dismissal order under Fed. R. Civ. P. 41(a)(2).  *See* ECF No. 69.  The CIA responds that MuckRock's motion is untimely and fails to meet the extraordinary circumstances necessary for Rule 60(b)(6) relief.  *See* ECF No. 72.

A plaintiff may "dismiss an action without a court order by filing … a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment."  Fed. R. Civ. P. 41(a)(1)(A)(i); *see also Swift v. United States*, 318 F.3d 250, 252 (D.C. Cir. 2003).  The parties may also stipulate to dismiss the action without a court order.  Fed. R. Civ. P. 41(a)(1)(A)(ii).  "Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."  Fed. R. Civ. P. 41(a)(2).  The CIA filed an answer to MuckRock's amended complaint and moved for summary judgment, and the parties never stipulated to dismiss the action.  Rule 41(a)(2) thus bars dismissal of the action without an order from this Court.  The case was erroneously closed and must be reopened.  Because no dismissal order was entered and the action did not proceed to final judgment, MuckRock's motion to reopen the case under Rule 60 is denied as moot.

This case may relate to No. 20-2474, which remains pending before the Court.  *See* ECF No. 68.

For the foregoing reasons, it is hereby:

**ORDERED** that the Clerk shall assign this case to a District Court Judge (perhaps related to Civ. Action No. 20-2474); and it is

**FURTHER ORDERED** that MuckRock's motion to reopen the case (ECF No. 69) is **DENIED AS MOOT**.

**SO ORDERED**.

Dated: May 1, 2024                                                   RUDOLPH CONTRERAS
                                                                                        United States District Judge